IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
     v.                         )          1:19CV626
                                )
THOMAS EARL TILLEY, et al.,     )
                                )
          Defendants.           )


## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter comes before the court on three motions:
Plaintiff United States' ("the Government") Motion for Default
Judgment, (Doc. 153), the Government's Motion for Partial
Summary Judgment, (Doc. 155), and Defendant City of Durham's
Motion for Partial Summary Judgment, (Doc. 150). For the reasons
set forth herein, the Government's Motion for Default will be
granted, the Government's Motion for Partial Summary Judgment
will be granted, and Defendant City of Durham's Motion for
Partial Summary Judgment will be granted.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant Thomas Earl Tilley ("Defendant Tilley" or
"Tilley") defrauded the Internal Revenue Service ("IRS")
"[t]hrough an elaborate scheme of sham trusts, fake

corporations, and other nominee entities[.]" (Second Amended Complaint ("Second Am. Compl.") (Doc. 102) ¶ 56.) On November 21, 2014, Tilley pled guilty in Criminal Case No. 1:14CR130-1 to Forcible Interference with Administration of Internal Revenue Laws in violation of 26 U.S.C. § 7212(a). He was sentenced on October 20, 2015, (Doc. 156-5 at 1), and the sentence imposed required Tilley to pay $7,676,757.00 in restitution. (Id. at 5.) According to the Government, as of April 16, 2021, Tilley still owes more than $6,000,000 on this debt:

> [T]he amount of restitution debt due and owing is $6,655,024.54. The amount includes principal restitution in the amount of $5,249,290.29, a delinquent penalty in the amount of $562,293.70, and a default penalty in the amount of $843,440.55. No interest is accruing on the debt. Payments totaling $2,427,566.71 have been credited toward the debt. This includes $18,000 in voluntary payments Thomas Tilley made to the Clerk in 2019 and 2020, as well as $150.00 in payments from the Inmate Financial Responsibility Program. All other payments were involuntary collection actions by the United States.

(Pl.'s Br. in Supp. of Mot. for Partial Summ. J. ("Pl.'s Summ. J. Br.") (Doc. 156) at 3 (internal citations omitted).) The Government now seeks to foreclose on Tilley's real property to satisfy this restitution debt. The properties involved are listed here in summary fashion; a full property description as to each property is included as Exhibit 1 to this order. The properties are as follows:

-2-

(1) Property 1, 6526 Big Spring Road, Snow Camp, North Carolina; Alamance County.

(2) Property 2, 405 Ashburn Drive, Graham, North Carolina; Alamance County.

(3) Property 3, as described, (Doc. 102-1 at 5), Fleetwood, North Carolina; Ashe County.

(4) Property 4 is omitted, as it is the same as Property 3. (Doc. 187 at 1.)

(5) Property 5, as described, (Doc. 102-1 at 9), Fleetwood, North Carolina; Ashe County.

(6) Property 6, as described, (Doc. 102-1 at 10-11), Fleetwood, North Carolina; Ashe County.

(7) Property 7, 3259 Chatham Church Road, Moncure, North Carolina; Chatham County.

(8) Property 8, 0 Chatham Church Road, Moncure, North Carolina; Chatham County.

(9) Property 9, 1224 Center Grove Church Road, Moncure, North Carolina; Chatham County.

(10) Property 10, 3484 Chatham Church Road, Moncure, North Carolina; Chatham County.

(11) Property 11, 991 Johnny Shaw Road, Moncure, North Carolina; Chatham County.

(12) Property 12, 0 Johnny Shaw Road, Moncure, North Carolina; Chatham County.

(13) Property 13, 680 Pea Ridge Road, Moncure, North Carolina; Chatham County.

(14) Property 14, 0 Pea Ridge Road, Moncure, North Carolina; Chatham County.

(15) Property 15, 1918 Athens Avenue, Durham, North Carolina; Durham County.

(16) Property 16, 1312 North Hyde Park Avenue, Durham, North Carolina; Durham County.

(17) Property 17, 5012 Mimosa Drive, Durham, North Carolina; Durham County.

(18) Property 18, 5016 Mimosa Drive, Durham, North Carolina; Durham County.

(19) Property 19, 601 Barton Street, Durham, North Carolina; Durham County.

(20) Property 20, 603 Barton Street, Durham, North Carolina; Durham County.

(21) Property 21, 1111 South Street, Durham, North Carolina; Durham County.

(22) Property 22, 7808 Kennebec Drive, Durham, North Carolina; Durham County.

(23) Property 23, 7202 Kepley Road, Durham, North Carolina; Durham County.

(24) Property 24, 1596 Highway 56, Butner, North Carolina; Granville County.

(25) Property 25, 1588 Highway 56, Butner, North Carolina; Granville County.

(26) Property 26, 89 Lakeview Drive, Fuquay Varina, North Carolina; Harnett County.

(27) Property 27, 278 Lake Pointe Drive, Fuquay Varina, North Carolina; Harnett County.

(28) Property 28, 90 Lakeview Drive, Fuquay Varina, North Carolina; Harnett County.

(29) Property 29, 536 Lake Pointe Drive, Fuquay Varina, North Carolina; Harnett County.

(30) Property 30, 537 Lake Pointe Drive, Fuquay Varina, North Carolina; Harnett County.

(31) Property 31, as described at, (Doc. 102-1 at 38-39), Quewhiffle Township, North Carolina; Hoke County.

(32) Property 32, as described, (Doc. 102-1 at 40), Vance Township, North Carolina; Lenoir County.

(33) Property 33, 426 South Sycamore Street, Aberdeen, North Carolina; Moore County.

(34) Property 34, as described, (Doc. 102-1 at 44), Rougemont, North Carolina; Orange County.

(35) Property 35, 0 Ransdell Road, Raleigh, North Carolina; Wake County.

(See Doc. 102-1.) In its Motion for Summary Judgment, the Government seeks enforcement of its lien against Properties 2, 3, 5, 6, 8, 10, 12, 13, 14, 15, 19, 20, 21, 22, 23, 24, 25, 32, and 33. (Pl.'s Summ. J. Br. (Doc. 156) at 2.) The Government does not currently seek enforcement of its lien against Properties 1, 7, 9, 11, 16, 17, 18, 26, 27, 28, 29, 30, 31, 34, and 35.[1] In 2017, Properties 1-22, 24-30, 34, were fraudulently transferred by Tilley "through his nominee entities . . . for no consideration and without receiving reasonably equivalent value." (Compl. (Doc. 102) ¶ 51.) Tilley used his nominee entities to hold real property and conceal his ownership of assets, including Defendants Investment Trust, Realty Trust, Siri Camp Trust, Tilley Enterprises, Tilley Six Trust, TT Farms Trust, and Virginia Mortgage Company (together "Entity Defendants"). (Id. ¶ 57.) Similarly, Tilley concealed his ownership of some properties by fraudulently transferring them to Thomas Bruce Tilley and Carolyn Cleveland. (Id. ¶¶ 7, 19.) On

---

[1] Property 4 is omitted. (See Doc. 187 at 1.)

the other hand, Properties 1, 11, and 26 were subsequently sold legitimately to third parties. (Id. ¶ 51.)[2]

Tilley's interests in the properties at issue for this Motion for Summary Judgment, "with the exception of Property 32, were held by Realty Trust, TT Farms Trust, Tilley Six Trust, and Investment Trust." (Pl.'s Summ. J. Br. (Doc. 156) at 18.) Property 32 is "held in a concurrent estate by Thomas Tilley and Iris Tilley, as tenants by the entirety of an undivided half interest, and Bruce Tilley and Marsha Tilly, as tenants by the entirety of an undivided half interest."[3] (Id. at 10.)

The Government's motion would "foreclose its lien against 19 of the properties involved in this action - Properties 2, 3, 5, 6, 8, 10, 12, 13, 14, 15, 19, 20, 21, 22, 23, 24, 25, 32, and 33, . . . and order them sold by the U.S. Marshals Service." (Id. at 2.) Each Defendant is named "because [it] may claim an interest in one or more of the subject properties." (Compl. (Doc. 102) ¶¶ 4-49.) Tilley, his family, and the Entity

---

[2] For those three properties, the federal tax lien may be enforced against any "sale proceeds, . . . promissory note and purchase money deed of trust, if any, 0associated with the sale[.]" (Compl. (Doc. 102) ¶ 102.)

[3] The Government states, as part of summary judgment, that any sale proceeds from Property 32 should be distributed according to the Tilleys' interests before being applied to the restitution debt. (Pl.'s Summ. J. Br. (Doc. 156) at 15.) This court agrees.

Defendants did not respond, and the clerk entered default against those Defendants[4] (together, "Defaulting Defendants") on October 21, 2019. (Doc. 39.)

Several local taxing authorities included as Defendants (together, "Local Taxing Authorities") filed answers seeking priority for any tax liens up until the point to sale, including Durham County, (Doc. 106); Wake County, (Doc. 110); City of Durham, (Doc. 119); Ashe County, (Doc. 122); Lenoir County, (Doc. 126); Moore County, (Doc. 127); Harnett County, (Doc. 131); Alamance County, (Doc. 133); Chatham County, (Doc. 136); Orange County, (Doc. 147); Granville County, (Doc. 148); and the Town of Butner, (Doc. 149). The only Local Taxing Authorities that did not file answers were Hoke County, where Property 31 is located, and the City of Graham, where Property 2 is located. The Local Taxing Authorities requested

---

[4] The Defaulting Defendants are: (1) Thomas Earl Tilley; Investment Trust; (3) Thomas Bruce Tilley, as Executive Trustee of Investment Trust, as Trustee of Realty Trust, as Executive Trustee of Tilley Enterprises, and as Executive Trustee of TT Farms Trust; (4) Iris Tilley, personally, as Trustee of Investment Trust, as Trustee of Tilley Six Trust, and as Trustee of TT Farms Trust; (5) Realty Trust; (6) Larry Rhinehardt, as Trustee of Realty Trust; (7) Siri Camp Trust; (8) Tilley Enterprises (a/k/a Tilley Enterprises Trust); (9) Tilley Six Trust; (10) TT Farms Trust; (11) Virginia Mortgage Company; (12) Melba George, as Trustee of Virginia Mortgage Company; (13) R. Nelson Richardson, as Trustee under Deed of Trust dated May 3, 2018; (14) Carolyn Cleveland; (15) Cach, LLC; (16) Midland Funding, LLC; and (17) Waste Industries, LLC. (Doc. 39.)

-8-

near-identical relief from this court, with each locale emphasizing that its own tax lien, whether an existing lien or a potential future lien, would take precedence over the Government's lien following sale of the properties.

## II. <u>ANALYSIS</u>

### A. <u>Motion for Default Judgment</u>

First, the Government moves for default judgment against twenty-one parties to the action. (Doc. 153 at 1.) These parties are:

(1) Thomas Earl Tilley

(2) Investment Trust

(3) Thomas Bruce Tilley, ONLY as Executive Trustee of Investment Trust, as Trustee of Realty Trust, as Executive Trustee of Tilley Enterprises, and as Executive Trustee of TT Farms Trust

(4) Iris Tilley, personally and as Trustee of Investment Trust, Trustee of Tilley Six Trust, and Trustee of TT Farms Trust

(5) Realty Trust

(6) Larry Rhinehardt as Trustee of Realty Trust

(7) Siri Camp Trust

(8) Tilley Enterprises (a/k/a Tilley Enterprises Trust)

(9) Tilley Six Trust

-9-

(10) TT Farms Trust

(11) Virginia Mortgage Company

(12) Melba George as Trustee of Virginia Mortgage Company

(13) R. Nelson Richardson as Trustee under Deed of Trust dated May 3, 2018

(14) Carolyn Cleveland

(15) Cache, LLC

(16) Midland Funding, LLC

(17) Waste Industries, LLC

(18) Fletcher's Powder Coating, LLC

(19) John Fletcher

(20) CJ Auto, LLC

(21) Clinton Johnson

(Id.)

## 1. **Standard of Review**

Upon default, the well-pled allegations in a complaint as to liability are taken as true. <u>Ryan v. Homecomings Fin. Network</u>, 253 F.3d 778, 780 (4th Cir. 2001). Generally, if a defendant fails to plead or otherwise defend an action, this court has the discretion to enter default judgment as to that defendant. Fed. R. Civ. P. 55; <u>see, e.g.</u>, <u>Music City Music v. Alfa Foods, Ltd.</u>, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). "Upon the entry of default, the defaulted party is deemed to have

-10-

admitted all well-pleaded allegations of fact contained in the complaint." J & J Sports Prods., Inc. v. Romenski, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012) (citations omitted). "However, the defendant is not deemed to have admitted conclusions of law . . . ." Id. The party moving for default judgment must still show that the defaulted party was properly served, Md. State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996), and that the "unchallenged factual allegations constitute a legitimate cause of action," Agora Fin., LLC v. Samler, 725 F. Supp. 2d 491, 494 (D. Md. 2010) (citations omitted); see Romenski, 845 F. Supp. 2d at 705 (citations omitted) (default judgment is proper when "the well-pleaded allegations in the complaint support the relief sought").

## 2. Merits

This court finds that the requirements for entering a default judgment have been met, and default judgment is appropriate. The Clerk has made an entry of default against these Defendants, (Docs. 39, 98), and they have been properly served by certified mail. (See Docs. 38-1, 96-1.)

Based on the well-pleaded Complaint, the Government brought a legitimate cause of action under unchallenged factual allegations. "[A]n order of restitution . . . is a lien in favor of the United States on all property and rights to property of

-11-

the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c). As the Government notes, a restitution lien arose on the properties at the time of Tilley's judgment. "[A]t the time the order was entered, a restitution lien in that amount arose in favor of the United States and attached to 'every interest' that Thomas Tilley might have had." (Doc. 154 at 6 (citation omitted)); see also In re Reasonover, 236 B.R. 219, 234 (Bankr. E.D. Va. 1999) (holding "a restitution judgment immediately creates a lien enforceable against the debtor"). Furthermore, restitution liens remain attached to properties regardless of their subsequent transfer. United States v. Bess, 357 U.S. 51, 57 (1958) ("The transfer of property subsequent to the attachment of the lien does not affect the lien . . . .")

Some of Tilley's interests are now held by fraudulent entities, which this court will treat as Tilley's nominees. "The United States may enforce federal tax liens against property owned by a third-party that is a nominee or alter ego of a delinquent tax payer." Johnson v. United States, No. 1:09CV957, 2012 WL 123023, at *3 (M.D.N.C. Jan. 17, 2012) (citing G.M. Leasing Corp. v. United States, 429 U.S. 338, 350–51 (1977)); see also United States v. Scherping, 187 F.3d 796, 801 (8th Cir.

-12-

1999) ("The government may collect the tax debts of a taxpayer from assets of the taxpayer's nominee instrumentality, or 'alter ego.'"); <u>Shades Ridge Holding Co., Inc. v. United States</u>, 888 F.2d 725, 728 (11th Cir. 1989) ("Property of the nominee or alter ego of a taxpayer is subject to the collection of the taxpayer's tax liability."); <u>Lemaster v. United States</u>, 891 F.2d 115, 119 (6th Cir. 1989) (holding that "proceeding against the nominee of a taxpayer for the purpose of satisfying the taxpayer's tax obligations" is a legitimate legal theory). "Tilley's interests in the Subject Properties at issue in this motion, with the exception of Property 32, were held by Realty Trust, TT Farms Trust, Tilley Six Trust, and Investment Trust." (Pl.'s Summ. J. Br. (Doc. 156) at 18.) This court finds that these Defendants were nominee entities used by Tilley for fraudulent transfer of property. The entities were treated as Tilley's own, controlled by Tilley and his family, and transferred for insubstantial consideration, (<u>see id.</u> at 9, 13), qualifying them as nominees, <u>see United States v. Williams</u>, 1:17-cv-00278, 2017 WL 3700901, at *2-3 (M.D.N.C. Aug. 25, 2017).

Property 32, unlike the other properties, is held in a tenancy by the entirety of Tilley and Defendant Iris Tilley. (Pl.'s Summ. J. Br. (Doc. 156) at 23-24.) However, federal

-13-

restitution liens are not subject to restrictions on sale due to such tenancies. See United States v. Bowser, 768 F. Supp. 2d 846, 851 (E.D. Va. 2011). Thus, the Government is still entitled to the sale of any whole property of which Tilley owns half.

The Government has provided adequate factual allegations to support a cause of action against Tilley and the other Defaulting Defendants. Defendants other than Tilley were included in this matter in case they could claim an interest in one of Tilley's properties. Having failed to claim any such interest, these twenty-one Defendants are subject to default. This court therefore finds that these twenty-one Defendants, as listed, hold no rights, titles, claims, liens, or interests in any of the real properties at issue and are thereby not entitled to take any proceeds from the sale of Tilley's properties.

### B. **Motions for Summary Judgment**

Next at issue are the two partial summary judgment motions brought by Defendant City of Durham and the Government.

Although only one taxing authority, the City of Durham, has moved for summary judgment, this court finds judgment may be entered in favor of all taxing authorities similar to the relief requested by the City of Durham. The Government concedes that its interests are not superior to local property tax authorities. (Pl.'s Summ. J. Br. (Doc. 156) at 14-15; Doc. 175.)

-14-

Pursuant to 26 U.S.C. § 6323(b)(6) and 18 U.S.C. § 3613(c), property tax liens held by local property tax authorities have priority over the liens the Government seeks to enforce here. (See Doc. 175.) The City of Lenoir, (Doc. 176), County of Chatham, (Doc. 178), City of Durham, (Doc. 179), County of Harnett, (Doc. 180), County of Wake, (Doc. 181), County of Ashe, (Doc. 182), County of Orange, (Doc. 183), County of Granville, (Doc. 184), County of Durham, (Doc. 185), and County of Alamance, (Doc. 186), all agree with the Government's position and consent to entry of an order resolving this case as to all property tax authorities which have filed answers. (See Docs. 175, 176, 178-186.)

### 1.   **Standard of Review**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). This court's summary judgment inquiry is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The moving party bears the initial burden of demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. If the "moving party discharges its

-15-

burden . . ., the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." McLean v. Patten Cmtys., Inc., 332 F.3d 714, 718-19 (4th Cir. 2003) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). Summary judgment should be granted "unless a reasonable jury could return a verdict in favor of the nonmovant on the evidence presented." McLean, 332 F.3d at 719 (citing Liberty Lobby, 477 U.S. at 247-48).

When facing cross-motions for summary judgement, this court reviews "each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (citation and internal quotation marks omitted). "When considering each individual motion, the court must take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." Id. (citations and internal quotation marks omitted).

### 2. **Merits**

The City of Durham seeks summary judgment on the grounds that it "has ad valorem real property tax liens on Properties 15, 16, 19, 20, and 21." (Doc. 151 at 5.) The Government seeks summary judgment declaring that its restitution lien on each of

-16-

the listed properties "is senior in all regards to the rights, titles, claims, liens, and interests, if any, that any defendant, <u>other than the local property taxing authorities</u>, may have." (Pl.'s Summ. J. Br. (Doc. 156) at 14-15 (emphasis added).) This caveat makes clear that the Government does not seek to prioritize the restitution debt over payment of real property tax liens by local authorities such as Defendant City of Durham and other Local Taxing Authorities. (<u>Id.</u> at 15; Doc. 175.)

The Government cites 18 U.S.C. § 3613(c) as the source of its restitution lien on Tilley's property. (Pl.'s Summ. J. Br. (Doc. 156) at 3.) That statutory subsection states

> an order of restitution made pursuant to sections 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986.

18 U.S.C. § 3613(c). The next subsection after § 3613(c) notes that such a lien will be valid in all cases <u>except</u> against those instances specified in subsection 6323(b) of the Internal Revenue Code:

> Upon filing of a notice of lien in the manner in which a notice of tax lien would be filed under . . . the Internal Revenue Code of 1986, the lien shall be valid against any purchaser, holder of a security interest, mechanic's lienor or judgment lien creditor, except with respect to properties or transactions specified

-17-

>        in subsection (b) . . . of section 6323 of the
>        Internal Revenue Code of 1986.

18 U.S.C. § 3613(d). Subsection 6323(b) of the Internal Revenue Code of 1986 states that the Government's lien shall not take precedence over "[r]eal property tax and special assessment liens," if the lien "under local law" receives "priority over security interests in such property which are prior in time." 26 U.S.C. § 6323(b)(6). In short, this means the Government's lien is superior to other rights in the property, with the exception of Local Taxing Authorities' tax liens under local law. See Henkel v. Triangle Homes, Inc., 249 N.C. App. 478, 483, 790 S.E.2d 602, 605 (2016) ("North Carolina law grants priority to the local tax liens described in Section 6323(b)(6) over federal tax liens.").

Local Taxing Authorities who filed Answers, rather than Motions for Summary Judgment, have similar tax claims that supersede the Government's restitution lien. In light of the agreement of the Government and the answering Local Taxing Authorities as described hereinabove, this court finds that judgment should be entered in favor of the Government but protecting the interests of the Local Taxing Authorities.

## III. **CONCLUSION**

This court finds that all taxes and assessments due to Local Taxing Authorities, including the City of Durham, upon sale of Properties 2, 3, 5, 6, 8, 10, 12, 13, 14, 15, 19, 20, 21, 22, 23, 24, 25, 32, and 33 are entitled to priority over the Government's lien under 26 U.S.C. § 6323(b)(6). This court finds that the Government's federal tax lien is superior to any rights or claims of any Defaulting Defendants, excepting Property 32 as discussed herein. With respect to Property 32, one quarter of the remaining proceeds are to be distributed to Iris Tilley, one quarter of the remaining proceeds are to be distributed to Bruce Tilley, and one quarter of the remaining proceeds are to be distributed to Marsha Tilley.

Upon sale of the properties, the proceeds shall be distributed to pay for costs and expenses of the sales, then to the Local Taxing Authorities as noted herein, then to the United States in application to the restitution debt owed.

The Government may file a proposed Order of Sale for the properties.

For the reasons set forth herein,

**IT IS HEREBY ORDERED** that the United States' Motion for Default Judgment, (Doc. 153), is **GRANTED**.

-19-

**IT IS FURTHER ORDERED** that the United States' Motion for Partial Summary Judgment, (Doc. 155), is **GRANTED.**

**IT IS ORDERED, DECLARED AND DETERMINED** that the United States holds a lien securing the restitution debt of Thomas Tilley pursuant to 18 U.S.C. § 3613, that the lien arose on September 21, 2015, and that the lien attached to all property and rights to property of Thomas Tilley in each of the properties listed in Exhibit 1 attached hereto.

**IT IS FURTHER ORDERED, DECLARED AND DETERMINED** that the Government's lien in each of these properties remains valid and subsisting and has remained so attached since September 21, 2015, in each of the properties listed in Exhibit 1 and remains so attached.

**IT IS FURTHER ORDERED, DECLARED AND DETERMINED** that the lien of the United States as described herein is senior in all regards to the rights, titles, claims, liens, and interests, if any, that any defendant, other than the interests of Local Taxing Authorities, may have in the properties listed in Exhibit 1 attached hereto.

**IT IS FURTHER ORDERED** that Defendant City of Durham's Motion for Partial Summary Judgment, (Doc. 150), is **GRANTED.**

**IT IS FURTHER ORDERED** that all taxes and assessment due to Local Taxing Authorities, including Defendant City of Durham,

Case 1:19-cv-00626-WO-JEP  Document 189  Filed 01/04/22  Page 20 of 21

upon sale of the properties listed in Exhibit 1 attached hereto, are entitled to priority over the Government's lien under 26 U.S.C. § 6323(b)(6).

This the 4th day of January, 2022.

William L. Osteen, Jr.
_____